IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00400-CR

 

In re
Robert Whitfield

 

 



Original Proceeding

 



ORDER










 

            Recent developments in this original
proceeding necessitate this order.  First, Relator has given the court a
different date for the previously filed and unresolved motion for DNA testing
and attached a file stamped copy of that motion to his motion to reconsider
filed with this Court on June 18, 2007.  He now alleges the date of his
unresolved motion for DNA testing to be April 28, 2003.  Second, since the
State’s last response in this original proceeding, biological material has been
discovered.  The trial court has been diligent in attempting to resolve the
motion for DNA testing and rendered an order distributing funds to Relator’s
counsel to pay for an investigator.  The investigator’s report has been filed,
and it appears that some biological material was located at the Southwestern
Institute of Forensic Sciences.  Third, on July 19, 2007 we received a copy of
a new motion for DNA testing purportedly filed in the trial court.

            Accordingly, because of these
developments, we request that the State file a response to Relator’s petition
for writ of mandamus which was filed in this Court on December 11, 2006.  The
response is due 28 days from the date of this Order.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Order
issued and filed August 1, 2007

Do
not publish






#160;Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 207-91
                                                                                                    

O P I N I O N
                                                                                                    

      The Sherwin-Williams Company appeals a take-nothing judgment entered against it on its
cross-claim for contribution against Trinity Contractors, Inc. Sherwin-Williams and Trinity were
codefendants in a personal-injury case filed by Ronald and Monica Windham. In August 1990
Trinity was completing extensive renovations of a Sherwin-Williams paint-manufacturing plant
under a $1.5 million contract. On August 16 Ronald Windham, an employee of a Trinity affiliate,
sustained crippling leg and feet injuries when a paint-resin storage tank adjacent to the one he was
working on exploded. At trial, a jury found that Sherwin-Williams' negligence in the design,
construction, operation, or maintenance of the storage tank was a proximate cause of the
explosion. The jury also found that Sherwin-Williams' negligence was a proximate cause of
Windham's injury, but it returned a "no" answer as to Trinity and Windham. The jury awarded
the Windhams over $4 million in actual damages. Finding that Sherwin-Williams was grossly
negligent and that it acted with malice, the jury also awarded Windham $10 million in exemplary
damages.
      After the court rendered judgment in accordance with the verdict, Sherwin-Williams settled
with the Windhams for $12.5 million. As part of the settlement, Sherwin-Williams obtained a
"Release and Indemnity Agreement" from the Windhams to "settle all claims"; the trial court
entered an agreed "Order" granting Sherwin-Williams' motion to disregard the jury's findings on
gross negligence, malice, and exemplary damages and modifying the judgment to eliminate the
award of exemplary damages; and the Windhams filed a "Satisfaction of Judgment" for all
amounts entered against Sherwin-Williams for negligence. Thereafter, the court denied Sherwin-Williams' motion for new trial on its cross-claim for contribution against Trinity.
      Sherwin-Williams now contends, in three points of error, that the court's charge unfairly
singled out Sherwin-Williams by instructing the jury on the doctrine of res ipsa loquitur, that the
court erred in failing to submit instructions on Trinity's duties as a contractor performing work
on the premises, and that the jury's failure to find that Trinity's negligence was a proximate cause
of Windham's injury was against the great weight and preponderance of the evidence. The
Windhams are not parties to this appeal.
      Trinity responds that, because Sherwin-Williams is estopped to reassert its purported
contribution claim, we need not address its points of error. We agree. Not only did Sherwin-Williams settle all of the Windhams' claims against it, it voluntarily satisfied the judgment that
denied its cross-claim for contribution against Trinity.
      The essential prerequisites for a contribution claim are a judgment finding the party seeking
contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of
the common liability.


 Because neither of these prerequisites can be established under the
judgment entered, Sherwin-Williams seeks a new trial on its cross-claim for contribution against
Trinity. Sherwin-Williams, however, has waived its complaints as to the court's charge and the
jury's failure to find Trinity negligent. Whether characterized as a settlement of the Windhams'
entire claim or as a settlement of their exemplary-damages claim and a satisfaction of their
negligence claim, the post-judgment release and satisfaction, taken together, act as a bar to
Sherwin-Williams' appeal of the entire case.
      Sherwin-Williams seeks a new trial on Trinity's negligence even though it has effectively
precluded Trinity from relitigating Ronald Windham's negligence or the amount of the Windhams'
damages. Because the matter of contributory negligence is not clearly separable from the liability
and damages issues without unfairness to Trinity, we cannot reverse the judgment as to Trinity
and order a new trial only on Sherwin-Williams' cross-claim for contribution.


 Sherwin-Williams
cites Haring v. Bay Rock Corporation for the proposition that payment of the Windhams' claims
does not preclude it, as a judgment debtor, from pursuing its contribution rights against Trinity.


 
As in this case, in Haring there was no finding of negligence against the third party.


 The right
of contribution in Haring, however, arose out of a statute authorizing a named defendant to sue
"a person who is not a party to the primary suit."


 In this case, Trinity was a party to the primary
suit. Not only has Sherwin-Williams already had its day in court against Trinity, its satisfaction
of the judgment precludes relitigation of those issues.
      A party cannot treat a judgment as both right and wrong.


 One who accepts the benefits of
a judgment is thereafter estopped from challenging that judgment on appeal.


 Although Sherwin-Williams claims that it has received no benefits from the judgment, by paying the Windhams'
claims it has fixed its liability. More importantly, it has fixed the amount of damages for which
it now seeks a right of contribution against Trinity, thus prejudicing Trinity's right to contest both
liability and damages in the same trial.
      Because Sherwin-Williams is estopped to reassert its purported contribution claim against
Trinity, we affirm the judgment without reaching Sherwin-Williams' points on appeal.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 31, 1993
Publish